UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES E. JOHNSON,

        Plaintiff,

        v.                                  Case No. 23-C-276

LEONEL SANCHEZ MARTINEZ,
MARSHALL HOUSE,
ATTIC CORRECTIONAL SERVICES,
RICK BIEGEL,
CHAD CORRIGAN,
RYAN BRAUN, and
SARAH LOFFELL,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff James Johnson, a former prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Johnson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Johnson, who was incarcerated when he filed his complaint, has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Johnson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $9.94. Johnson's motion

for leave to proceed without prepaying the filing fee will be granted. He will be required to pay the remainder of the $350 filing fee over time as he is able.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Johnson explains that on July 12, 2022, he was taken into custody on a probation hold. At the time, he had been living at the Marshall House, a residential service program operated by Attic Correctional Services. About a week after being taken into custody, Johnson learned from a police officer that Leonel Sanchez Martinez, also a resident at the Marshall House, had accused Johnson of requesting oral sex, touching his butt and thigh, slapping his butt, attempting to kiss him, and grabbing his breast area. Johnson asserts that the accusations were false. According to Johnson, the police officer declined to press charges after talking to him. Dkt. No. 1 at 2-4.

Johnson further asserts that Rick Biegel, Attic's Prison Rape Elimination Coordinator, investigated Martinez's accusations but never interviewed Johnson. According to Johnson, Biegel filed a false report. He asserts that Sarah Loffell, the supervisor at the Marshall House, also filed a false report. Johnson states that supervisor Ryan Braun and officer Chad Corrigan sent him written questions, at which time it became apparent to Johnson that they intended to revoke his supervised release. Johnson asserts that they filed and approved Martinez's false accusations. Finally, Johnson states that, during his revocation hearing, Corrigan maliciously prosecuted him by trying to get him to admit to something he did not do. Johnson states that the administrative law judge found him innocent of the sexual assault accusations. Dkt. No. 1 at 4-6; Dkt. No. 1-1.

## THE COURT'S ANALYSIS

Johnson sues Defendants based on assertions that they falsely accused him of sexually assaulting a resident at the residential service program where Johnson resided. According to Johnson, an administrative law judge found him "innocent" of the charges. Johnson attached the

3

administrative law judge's decision to his complaint in support of his allegations. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). For the following reasons, the Court will dismiss this action.

Johnson cannot sue Martinez, the resident who allegedly made false sexual assault accusations, under §1983 because Martinez is a private individual, not a state actor. *See Mueller v. Schnick*, No. 98-2260, 2000 WL 250122, at *2 n.4 (7th Cir. Mar. 1, 2000) (citing *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). Johnson also fails to state a claim against the remaining individual Defendants based on allegations that they submitted false reports and/or made false statements regarding Martinez's accusations because, as Johnson highlights, he was found "innocent" of those charges. The Supreme Court has emphasized that there is no Fourteenth Amendment right to be free from prosecution except on probable cause. *See Albright v. Oliver*, 510 U.S. 266, 271-74 (1994). Such a claim is in essence one for malicious prosecution, rather than a due process violation. And "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (citing *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001)). In short, because Wisconsin has a tort action for malicious prosecution, Johnson must pursue his claim that Defendants made false reports and false statements in state court, not federal court.

Johnson also fails to state a claim against Marshall House and Attic Correctional Services, who employed Rick Biegel and Sarah Loffell. Even if Johnson had stated federal claims against those Defendants (which he does not), "*[r]espondeat superior* liability does not apply to private corporations under §1983." *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).

Johnson also fails to state claims against Ryan Braun and Chad Corrigan who worked for probation services based on allegations that they investigated Martinez's accusations by sending

4

Johnson a list of written questions after he was in custody. Johnson asserts that they "falsely arrested and falsely imprisoned him," but, according to Johnson, neither were involved in the decision to place him on a probation hold. Instead, that decision was ordered by an "on-call" worker from Probation and Parole. Braun and Corrigan cannot be liable for the alleged misconduct of others. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." (internal quotation marks and citations omitted)). And, although the administrative law judge concluded Martinez's accusations had not been proven, he found that the record showed that Johnson had "engaged in more inappropriate, crude, and disruptive behavior," which prompted his termination from two residential programs, a violation of the terms of his supervised release. Based on that conclusion, the administrative law judge revoked Johnson's supervised release and ordered ten months of reconfinement. Dkt. No. 1-1 at 4-5. Accordingly, any claims of "false arrest" or "false imprisonment" that are based on actions unrelated to Martinez's accusations are barred by *Heck v. Humphry*, 512 U.S. 477 (1994), because they would necessarily call into question the validity of the administrative law judge's decision.

Finally, to the extent Johnson seeks to pursue state law claims such as defamation, intentional infliction of emotional distress, and, as previously noted, malicious prosecution, he must do so in state court. Because Johnson fails to state federal claims against Defendants, the Court will dismiss his purported state law claims without prejudice. *See* 28 U.S.C. §1367(c); *East-Miller v. Lake County Highway Dep't*, 421 F.3d 558, 564 (7th Cir. 2005).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel.*

*Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Johnson's complaint is thorough in its allegations of facts, so the Court finds that further amendment would be futile. Because Johnson's action is being dismissed, the Court will deny as moot his motion for a preliminary and permanent injunction.

**IT IS THEREFORE ORDERED** that Johnson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Johnson's motion for preliminary and permanent injunctive relief (Dkt. No. 1) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a federal claim and the Court therefore relinquishes jurisdiction over purported state law claims. Johnson's state law claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Johnson shall pay the $340.06 balance of the filing fee over time as he is able by mailing payments marked with the case name and number to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 24th day of May, 2023.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.